UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SARA CALDWELL, | ) | Case No. 1:22-cv-1829 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes Jr. |
| HANNAH SINGERMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff Sara Caldwell sued Cuyahoga County Assistant Prosecutor Hannah Singerman, Cuyahoga County Fiscal Officer Michael Chambers, Cuyahoga County Common Pleas Court Judge Michael Russo, Ohio Attorney General David Yost, and the State of Ohio. Plaintiff contests the recording of her property deed with the County Recorder's Office and the assessment of property taxes. She indicates that a foreclosure occurred.

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the State of Ohio and the Ohio Attorney General (the "State Defendants") move to dismiss Plaintiff's amended complaint, arguing among other things that the Anti-Injunction Act and the Eleventh Amendment deprive the Court of subject matter jurisdiction over Plaintiff's claims (ECF No. 7). Further, they assert that Plaintiff failed to state a claim on which relief may be granted because she cannot raise claims under criminal statutes and did not allege facts to establish the liability of any Defendant under 42 U.S.C. § 1983. For the reasons set forth below, the Court

determines that it lacks subject matter jurisdiction over the claims asserted. Therefore, the Court **GRANTS** the motion and **DISMISSES** this action in its entirety.

## STATEMENT OF FACTS

Plaintiff's amended complaint contains very few factual allegations and is difficult to decipher. She states that when she purchased certain property, the deed for the property transfer was recorded in the Cuyahoga County Recorder's Office. She does not provide the address of the property to which she is referring. She alleges that the County Recorder did not advise her that recording the deed was optional. Further, she alleges that the recording of the deed allowed the County to assess and collect property taxes, which she claims is unconstitutional.

Plaintiff alleges that the property was reclassified from commercial to residential for the purpose of taxation. Dockets from courts in Cuyahoga County indicate that Plaintiff was a party to two property tax foreclosure cases. *See Treasurer of Cuyahoga Cnty. v. Caldwell*, No. CV-18-899485 (1694 E. 90th St., Cleveland, OH 44106) (Clancy, J); *Treasurer of Cuyahoga Cnty. v. Caldwell*, No. CV-19-916327 (9200 Edmunds Ave., Cleveland, OH 44106) (Russo, J).

## STATEMENT OF THE CASE

Based on this information, such as it is, Plaintiff asserts five counts for relief. In Count One, she alleges that Defendants' negligence caused her injury in violation of 18 U.S.C. §§ 241 and 242. In Count Two, she claims that Defendants had a duty to follow State property transfer laws as well as the Constitution. She claims that

the assessment and collection of property taxes denies her due process and violates Article I, Section 2, clause 3 (requiring apportionment of direct taxes) and Article I, Section 9, clause 4 (making direct taxes proportional to the census). Based on these provisions of the Constitution, she asserts that collecting property tax is a violation of her real estate deed. Count Three asserts a claim for conspiracy to commit real estate deed fraud. Without elaboration, she avers that a State procedure violates a State statute and that Defendants are committing real estate fraud. In Count Four, Plaintiff asserts that Defendants have an illegal racketeering scheme and did not pay federal taxes on the scheme or file an assets allegation statement required by Section 338 of the Internal Revenue Code. Count Five contains State-law tort claims for slander of title as the result of a foreclosure, slander of credit, and intentional infliction of emotional distress. Plaintiff seeks compensatory and punitive damages.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) challenges a Court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction. Unlike State trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, federal courts have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

3

Under Rule 12(b)(1), the standard of review "depends on whether the defendant makes a factual or facial challenge to subject-matter jurisdiction." *Solis v. Emery Fed. Credit Union*, 459 F. Supp. 3d 981, 986–87 (S.D. Ohio 2020) (citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 920, 330 (6th Cir. 2007)). Unlike a factual attack, which requires the district court to analyze conflicting evidence to determine if jurisdiction exists, a facial attack "challenges the jurisdictional sufficiency of the complaint given those facts." *Id.* at 987 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "When reviewing a facial attack, a district court takes the allegations in the complaint as true, similar to the approach employed in reviewing a Rule 12(b)(6) motion to dismiss." *Id.* (citation omitted). Plaintiff has the burden of establishing subject matter jurisdiction to survive a dismissal under Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

Further, district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam). Also, the law authorizes dismissal on a *sua sponte* basis where the asserted claims lack an arguable basis in law or where the district court lacks subject matter jurisdiction. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996).

## ANALYSIS

Plaintiff's amended complaint challenges the County's assessment and collection of property taxes. The Anti-Injunction Act, 28 U.S.C. § 1341, and principles of comity bar federal courts from exercising subject matter jurisdiction over suits for damages to redress the allegedly unconstitutional administration of a State tax system where there is a plain, speedy, and efficient remedy in the State courts. *Fair Assessment in Real Est. Ass'n v. McNary*, 454 U.S. 100, 113–17 (1981); *Pegross v. Oakland Cnty. Treasurer*, 592 F. App'x 380, 380–87 (6th Cir. 2014). The State-court remedy need only provide the taxpayer with a full hearing at which she may raise any and all constitutional objections to the tax and a judicial determination. *Pegross*, 592 F. App'x at 380. A tax foreclosure action can provide this remedy. *Id.* Plaintiff indicates and the court dockets show that Plaintiff has been a party to numerous property tax foreclosure actions. She had the opportunity to raise her constitutional claims during these proceedings. This Court lacks subject matter jurisdiction to entertain Plaintiff's challenge to the assessment and collection of property taxes.

In addition, Plaintiff relies on 18 U.S.C. §§ 241 and 242 as the basis for her claims in Count One. These are criminal statutes. They do not provide a private cause of action in a civil case. *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008); *United States v. Oguaju*, No. 02-2485, 2003 WL 21580657, at *2 (6th Cir. July 9, 2003). Therefore, Plaintiff may not bring a claim under either of these statutes.

Similarly, in Count Four, Plaintiff asserts a claim under the Internal Revenue Code, asserting that Defendants engaged in a racketeering scheme and did not file an asset allegation statement under Section 338 and or pay taxes on the scheme. Section 338 concerns one corporation's acquisition of another. It has no relevance to the allegations raised. Plaintiff points to no other provision of the Internal Revenue Code that could apply. Even if this section of the Internal Revenue Code might somehow, there is no suggestion that this statute offers a private cause of action or that Plaintiff would have standing to raise a third party's failure to pay taxes to the Internal Revenue Service. Without standing, Plaintiff may not invoke the Court's subject matter jurisdiction. *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 489 (6th Cir. 2021).

Plaintiff's claims in Counts Three and Five, arise, if at all, under State law. Federal courts have supplemental jurisdiction over state law claims that are derived from the same nucleus of operative facts as the federal claims asserted in an action over which it properly has jurisdiction. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing State law matters. *Id.* at 726. Where federal subject matter jurisdiction is based on the presence of a federal question and the federal law claims are dismissed, the State law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's State-law claims.

6

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the State Defendants' motion to dismiss (ECF No. 7), **DISMISSES** this action against all Defendants for lack of subject matter jurisdiction under Rule 12(b)(1) and *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Court **DENIES** Plaintiff's motion for summary judgment (ECF No. 7), Plaintiff's motion for temporary restraining order and demand to strike Defendant's answer and notice of appearance (ECF No. 9). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision cannot be taken in good faith.

**SO ORDERED.**

Dated: January 23, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio